A. H. MOTLEY CO. v. THE SOUTHERN FINISHING & WARE-
HOUSE CO.

(Decided March 21, 1899).

*Exclusive Privileges.*

1. Exclusive privileges are inhibited by the Constitution, Article I,
section 7.
2. Warehousemen are liable under the general law for damages
caused by their negligence.
3. The clause in the charter of the defendant Company, which reads
as follows: "Provided, however, that said Company shall not·
be held responsible for losses arising from the act of God,
or of common enemies, nor for any loss or damage not pro-
vided for in its warehouse receipt or contract; and said com-
pany may make such stipulations in its warehouse receipts
or contracts, as to loss or damage ensuing by fire or other cause,
as it may deem necessary and proper"—is in contravention of
the Constitution.

PETITION to rehear this cause, decided at February Term,
1898, and reported in 122 N. C., 347.

Petition disallowed.

*Messrs. C. M. Stedman* and *R. R. King,* for petitioner.
*Messrs. Bynum & Bynum,* and *A. M. Scales, contra.*

FURCHES, J.    This is a petition on the part of the de-
fendant to rehear and review the former opinion of this
Court (122 N. C., 347). Upon this petition a rehearing has
been ordered, but restricted to the constitutional question
involved.   And upon the rehearing, this question has been in-
terestingly discussed on both sides, but there were no new de-
velopments in the case.   Nor was there any phase or aspect
of the case presented that had not been presented and consid-

ered on the former hearing. There was more elaboration in the argument, and some authorities cited that were not cited on the former argument, but they were only cumulative and no stronger than those cited before.

It seems to us that the petition and the argument are predicated upon a misconception of the opinion of the Court. They seem to be based upon the idea that the Court had decided that it was unconstitutional for the Legislature to grant the defendant the right to contract against loss. If the Court had decided this to be the law, its decision would most undoubtedly be erroneous. But this is not the case—the opinion does not so decide. The defendant did not contract against loss, as will plainly appear by the receipt copied in the former opinion, which is admitted to contain the contract of the parties. Under this contract and the findings of the jury the defendant has been guilty of negligence and is liable to plaintiff in damages, if it is subject to the general law governing the liabilities of warehousemen.

But defendant contends that it is not liable to the same rule of damages that other warehousemen are; that while *they* are liable under the general law for the damages caused by *their* negligence, *it* is only liable for damages when *it* specially contracts to be liable, whether the damage was caused by *its* negligence or not.

If this is not a special privilege, not enjoyed by other corporations or by individual citizens, and which could not be granted to them, we are incapable of understanding what would be.

It is exclusive, because it is a privilege; a thing that others are excluded from, and not entitled to, and not because it could not be granted to other corporations (if it were constitutional to do so), but because it is not done, and others are excluded from the benefit of this privilege. It was so

held in *Simonton v. Lanier,* 71 N. C., 498; *Staton v. Railroad,* 111 N. C., 278, cited in the former opinion of this Court. And as these cases seem to be founded upon sound public policy, we have no disposition to overrule them.

We do not see that we can add anything more to the argument contained in the former opinion, and will not discuss the matter further. The petition must be dismissed.